## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE USA, INC.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>US WORLD INC. d/b/a NY SNEAKER<br>　and JONG S. CHOI also known as JOHN<br>　JONGSOO CHOI,<br><br>　　　　　　Defendants. | Civ. No. |

## COMPLAINT OF NIKE USA, INC. AGAINST US WORLD INC. AND JONG S. CHOI

Nike USA, Inc. ("Nike") hereby files this complaint against US World Inc. doing business as NY Sneaker and Jong S. Choi also known as John Jongsoo Choi (collectively, the "Defendants") for: (1) Account Stated; (2) Breach of Contract; (3) Breach of Personal Guaranty; (4) Indemnification; and, in the alternative, (5) Unjust Enrichment; and states as follows:

### Preliminary Statement

1.　　　　This is debt action to collect $262,813.11 plus interest, fees, and costs for athletic apparel and footwear US World Inc., doing business as NY Sneaker ("US World"), received from Nike but failed to pay for.  Jong S. Choi guaranteed the obligations of US World and is responsible to Nike for the entire outstanding balance.  US World has breached its account agreement with Nike, and John S. Choi has breached his personal guaranty to Nike by failing to compensate Nike for the products Nike provided to US World.

### The Parties

2.　　　　Plaintiff, Nike USA, Inc., is an Oregon corporation whose principal business activity is the design, development, and worldwide marketing and selling of athletic footwear, apparel, equipment, accessories, and services.

3.      Nike is organized in, domiciled in, and a citizen of Beaverton, Oregon.

4.      Jong S. Choi ("Choi") resides at 90 E. 167th Street in Bronx, New York 10452-8203.

5.      Jong S. Choi is also known as John Jongsoo Choi.

6.      Choi is domiciled in and a citizen of the State of New York.

7.      US World Inc. is a New York corporation.

8.      US World Inc. is domiciled in and a citizen of the State of New York.

9.      US World Inc. has a principal address of 58-31 256 Street in Little Neck, New York 11362.

10.     US World Inc. does business as NY Sneaker.

11.     Jong S. Choi is the chief executive officer of US World.

## Jurisdiction and Venue

12.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because Nike is a citizen of a different state than each of the Defendants, and the amount in controversy, exclusive of interest, fees, and costs, exceeds $75,000.

13.     US World and Choi are citizens of the State of New York.  Nike is a citizen of the State of Oregon.

14.     Venue in this District is proper pursuant to 28 U.S.C. §1391.

## Background Facts

A.      **The Account Agreements**

15.     Nike and US World are parties to the Nike Account Application and Agreement dated November 17, 2003 (the "2003 Account Agreement").  A copy of the 2003 Account Agreement is attached hereto as **Exhibit 1** and is incorporated herein by reference.

2

16.     Nike and US World are parties to the Nike Account Application and Agreement dated April 13, 2007 (the "2007 Account Agreement," with the 2003 Account Agreement, the "Account Agreements").  A copy of the 2007 Account Agreement is attached hereto as **Exhibit 2** and is incorporated herein by reference.

17.     The terms of the 2003 Account Agreement and the 2007 Account Agreement are substantially similar.

18.     Paragraph 3 of the Account Agreements requires US World to pay Nike for all goods sold when due pursuant to the terms and conditions of sale on Nike's invoices.

19.     Paragraph 2 of the Account Agreements requires US World to dispute an invoice from Nike within thirty days after the date the invoice is due.  If US World does not dispute an invoice within thirty days after the date the invoice is due, then, pursuant to the Account Agreements, the invoice will be deemed to be an account stated.

20.     Paragraph 3 of the Account Agreements provides that, "[a]ny sum not paid when due is subject to a service charge of 1.5% per month or the maximum rate permitted by law, whichever is lower."

21.     Paragraph 13 of the Account Agreements provides that "Applicant will pay such costs, collection agency fees, expenses, reasonable attorney fees, and fees of corporate counsel (including, without limitation, at trial and on appeal) as NIKE may incur in any matter of collection of any sums past due."

22.     Paragraph 13 of the Account Agreements provides that "Oregon law (without resort to its choice of law provisions) will govern all disputes arising out of this Application or the relationship between NIKE and applicant."

23.     Paragraph 2 of the Account Agreements provides that, "NIKE shall have the right to refuse or cancel any such orders at any time prior to delivery to Applicant, regardless of whether or not the order has been confirmed or payment has been received. . . NIKE reserves the right to allocate its available product in its sole and unfettered discretion."

24.     The Account Agreements are supported by consideration.

25.     In exchange for the execution of the Account Agreements, Nike agreed to do business or continue to do business with the US World in accordance with the Account Agreements.

26.     Nike relied on the Account Agreements in doing business with and extending credit to US World.

27.     Nike relied on, *inter alia*, the Account Agreements in making decisions to extend credit and actually extending credit to US World.

**B.  The Personal Guaranty**

28.     On November 18, 2003, Choi provided Nike USA, Inc., its affiliated companies, successors, and assigns with the Nike Personal Guaranty (the "Personal Guaranty").  The Personal Guaranty is attached hereto as **Exhibit 3** and is incorporated herein by reference.

29.     The Personal Guaranty defined Guarantor as "Jong S. Choi."

30.     In the Personal Guaranty, Choi personally guaranteed to Nike the obligations of US World.

31.     In the Personal Guaranty, Choi unconditionally, absolutely, and irrevocably guaranteed and promised to pay Nike, when due, all indebtedness owed to Nike by US World.

32.     The Personal Guaranty provides that indebtedness "is used in its most comprehensive sense and includes all debts, obligations and liabilities of Buyer to Nike of every

4

nature, whether now in existence or arising at any time in the future, including principal, interest charges, attorneys fee, and costs."

33.     The Personal Guaranty defines Buyer as US World, Inc.

34.     US World executed the Personal Guaranty to induce Nike to extend credit to US World for the sale of Nike products.

35.     Nike extended credit to US World because the Personal Guaranty was provided to Nike.

36.     Nike relied on, *inter alia*, the Personal Guaranty in making decisions to do business with US World.

37.     Paragraph 5 of the Personal Guaranty provides that "Guarantor agrees to indemnify NIKE and hold NIKE harmless from all obligations, demands, claims, and liabilities asserted by any other party, and against all losses incurred or paid by NIKE in any way arising out of or in connection with Nike's transactions with Buyer."

38.     Paragraph 8 of the Personal Guaranty provides that NIKE will be entitled to collect from Guarantor all of NIKE's costs, collection agency fees, expenses, attorneys fees and fees of corporate counsel incurred in connection with collection efforts (including, without limitation, at trial and on appeal).

39.     The Personal Guaranty provides that it:

> will remain in effect until Guarantor gives NIKE written notices by certified mail of Guarantor's termination of this Guaranty ("Notice of Termination").  The Notice of Termination must be addressed to NIKE, Inc., One Bowerman Drive, Beaverton, Oregon 97005-6453, Attention Credit Manager.

40.     Choi has not terminated the Personal Guaranty.

## I.    COUNT I – ACCOUNT STATED
### Nike USA, Inc. v. US World Inc. dba NY Sneaker

41.    Nike incorporates herein by reference each foregoing paragraph as if fully restated herein.

42.    An account existed between Nike and US World.

43.    Nike issued invoices to US World for goods and services Nike provided to US World and made a demand for payment.  Such invoices were due and payable to Nike more than thirty days prior to the filing of this Complaint.

44.    The Account Agreements require US World to dispute an invoice from Nike within thirty days after the date the invoice is due.  If US World does not dispute an invoice within thirty days after the date the invoice is due, then, pursuant to the Account Agreements, the invoice is deemed an account stated.

45.    Each invoice issued by Nike after the creation of US World's account with Nike states that "the amount reflected in each NIKE invoice will be deemed an account stated unless [US World] disputes the amount of that invoice in writing within 30 days after the date that invoice is due."

46.    As of the date of the filing of this Complaint, US World is indebted to Nike in an amount no less than $262,813.11, exclusive of interest, fees and costs.  A copy of the Account Statement showing the amount US World owes to Nike is attached hereto as **Exhibit 4** and is incorporated herein by reference.

47.    Despite Nike's demand, the foregoing amount has not been paid to Nike as of the filing of this Complaint.

48.    The foregoing amount continues to accrue interest at a rate of 1.5% per month or the maximum rate permitted by law, whichever is lower.

WHEREFORE, Nike requests that judgment be entered in favor of Nike and against US World Inc. dba NY Sneaker in an amount no less than $262,813.11, plus all of Nike's costs, collection agency fees, interest, expenses, and reasonable attorney fees (whether incurred prior to, at trial or on appeal) incurred by Nike in connection with Nike's collection efforts.

## II.    COUNT II – BREACH OF CONTRACT
### Nike USA, Inc. v. US World Inc. dba NY Sneaker

49.    Nike incorporates herein by reference each foregoing paragraph as if fully restated herein.

50.    US World and Nike are parties to the Account Agreements, contracts that require US World to pay Nike for goods and services provided to US World.

51.    US World purchased goods from Nike.

52.    Nike provided goods and services to US World, which was Nike's substantial performance pursuant to the Account Agreements.

53.    Nike has invoiced US World for the amounts set forth in Count I of this Complaint.

54.    Nike has made a demand to US World for the amounts set forth in Count I of this Complaint.

55.    Nike has resolved all discrepancies and issues raised by US World, if any, with respect to each invoice issued by Nike.

56.    Nonetheless, despite Nike's demand, US World has failed to pay Nike for the goods and services Nike has provided.

57.    US World's failure to pay Nike is a breach of the Account Agreements.

58.    US World's breach of the Account Agreements has caused Nike to suffer damages in an amount no less than $262,813.11.

WHEREFORE, Nike requests that judgment be entered in favor of Nike and against US World, in an amount no less than $262,813.11, plus all of Nike's costs, collection agency fees, interest, expenses, and reasonable attorney fees (whether incurred prior to, at trial or on appeal) incurred by Nike in connection with Nike's collection efforts.

### III.   COUNT III – BREACH OF PERSONAL GUARANTY
### Nike USA, Inc. v. Jong S. Choi also known as John Jongsoo Choi

59.     Nike incorporates herein by reference each foregoing paragraph as if fully restated herein.

60.     The Personal Guaranty is a contract.

61.     In the Personal Guaranty, Choi personally guaranteed payment of the debts of US World to Nike in exchange for US World's ability to conduct business with Nike and in exchange for Nike's extension of credit to US World.

62.     Nike provided goods and services to US World, and extended credit to US World, which was Nike's substantial performance pursuant to the Personal Guaranty.

63.     Because of the Personal Guaranty, Choi is personally obligated to Nike in an amount not less than $262,813.11 plus costs, collection agency fees, expenses, interest, attorney fees and fees of corporate counsel incurred in connection with collection efforts (including, without limitation, at trial and on appeal).

64.     Nike has demanded payment from Choi, but he has failed to pay Nike.

65.     Choi's failure to pay Nike is a breach of the Personal Guaranty.

66.     Choi's breach of the Personal Guaranty has caused Nike to suffer damages in an amount no less than $262,813.11.

WHEREFORE, Nike requests that judgment be entered against the Jong S. Choi also known as John Jongsoo Choi in an amount no less than $262,813.11 plus all of Nike's costs,

collection agency fees, expenses, interest, attorney fees, and fees of corporate counsel incurred in connection with collection efforts (including, without limitation, at trial and on appeal).

### IV.    COUNT IV – INDEMNIFICATION
### Nike USA, Inc. v. Jong S. Choi also known as John Jongsoo Choi

67.    Nike incorporates herein by reference each foregoing paragraph as if fully restated herein.

68.    The Personal Guaranty requires Choi to indemnify and hold Nike harmless from all obligations, demands, claims, and liabilities asserted against Nike and against all losses incurred or paid by Nike in any way arising out of or in connection with Nike's transactions with US World.

69.    Despite Nike's demand for payment from US World, US World has failed to indemnify Nike.

WHEREFORE, Nike requests that judgment be entered against Choi in an amount no less than $262,813.11, in addition to all losses incurred or paid by Nike in connection with the Complaint, and all of Nike's costs, collection agency fees, expenses, interest, attorney fees, and fees of corporate counsel incurred in connection with collection efforts (including, without limitation, at trial and on appeal).

### V.    COUNT V - UNJUST ENRICHMENT
### PLED IN THE ALTERNATIVE TO COUNTS I-III
### Nike USA, Inc. v. US World Inc. dba NY Sneaker

70.    Nike incorporates herein by reference each foregoing paragraph as if fully restated herein.

71.    At the request of US World, Nike conferred a benefit upon US World by providing the goods and services described herein and in the exhibits attached hereto.

72.    US World received and accepted the benefit of said goods and services provided by Nike.

73.     At all times material hereto, US World was aware that Nike was providing the aforesaid goods and services and that Nike expected to be paid for such.

74.     At all times material hereto, US World, with the aforesaid knowledge, permitted Nike to provide said goods and services and to incur damages.

75.     At all times material hereto, US World was unjustly enriched by retaining the benefit of receiving said goods and services without paying Nike fair and reasonable compensation.

76.     US World failed to pay Nike despite Nike's demand.

77.     Allowing US World to retain the benefit of said goods and services without paying fair compensation would be unjust.

78.     By reason of the aforesaid unjust enrichment of US World at Nike's expense, an implied contract exists between Nike and US World, and US World is obligated to pay Nike the *quantum meruit* value of the goods and services described herein and in the exhibits attached hereto in the amount of $262,813.11.

WHEREFORE, Nike requests that judgment be entered against US World in an amount no less than $262,813.11, in addition to all losses incurred or paid by Nike in connection with the Complaint, and all of Nike's costs, collection agency fees, expenses, interest, attorney fees, and fees of corporate counsel incurred in connection with collection efforts (including, without limitation, at trial and on appeal).

Dated: March 22, 2023                    RYAN & CONLON, LLP


Elizabeth E. Malang, Esq.
2 Wall Street, Suite 710
New York, NY 10005
Phone: (212) 509-6009

10

Fax: (212) 509-6119
emalang@ryanconlon.com

-and-

Anthony M. Saccullo
Mary E. Augustine
A.M. Saccullo Legal, LLC
27 Crimson King Drive
Bear, DE 19701
Phone: (302) 836-8877
Fax: (302) 836-8787
ams@saccullolegal.com
meg@saccullolegal.com

*Attorneys for Nike USA, Inc.*